IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10687
Conference Calendar
_____

METRIC E. MITCHELL,

Plaintiff-Appellant,

versus

LESLIE W. WOODS; CARY J. COOK;
ERNEST D. IVEY; RAYNALDO CASTRO;
EARL E. FOX; WADE A. KING; KEITH G. GENTRY,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:97-CV-291-X
- - - - - - - - - -
December 10, 1998

Before DAVIS, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Metric E. Mitchell (Texas prisoner #658822) appeals the
district court's dismissal of his 42 U.S.C. § 1983 civil rights
action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).
Mitchell argues that the Administration Segregation Committee of
the Allred Unit is using two disciplinary infractions to keep him
confined in administrative segregation at a Level III
classification.  He contends that a Texas Department of Criminal

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Justice directive, namely Administrative Directive 03.50, creates

a protected liberty interest because it prohibits the use of administrative segregation for punitive purposes. He further contends that he was denied due process because he was held accountable for the two disciplinary infractions without receiving the procedural protections set forth in Wolff v. McDonnell, 418 U.S. 539 (1974).

Mitchell's Level III classification and the conditions and consequences associated with that classification, including his continued confinement in administrative segregation, do not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Sandin v. Conner, 515 U.S. 472, 486 (1995); see Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); Martin v. Scott, 156 F.3d 578, 579 n.1, 580 (5th Cir. 1998); Luken v. Scott, 71 F.3d 192, 193-94 (5th Cir. 1995). Neither Administrative Directive 03.50 nor the Due Process Clause affords Mitchell a protected liberty interest which would have entitled him to the procedural protections set forth in Wolff. See Sandin, 515 U.S. at 487.

Because Mitchell has not alleged a deprivation of a protected liberty interest, his § 1983 action has no arguable basis in law. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). The district court did not abuse its discretion in dismissing his complaint as frivolous. See id. Mitchell's appeal is likewise frivolous and is therefore DISMISSED. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5th Cir. R.

42.2.  We warn Mitchell that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions.  To avoid sanctions, Mitchell is cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.